GRIBBON *v.* GANSS *et al.*

(*Supreme Court, General Term, First Department.* April 14, 1892.)

1. AFFIDAVIT IN ATTACHMENT—BY WHOM MADE.
   A person who has general charge and supervision over the business of another person must be deemed to have sufficient personal knowledge to make an affidavit in attachment for a debt owing to such person.

2. SAME.
   Code Civil Proc. § 636, declaring that an affidavit in attachment must show plaintiff to be entitled to a certain sum over and above all counterclaims "known to him," allows the affidavit to be made by an agent, or other person than plaintiff, only when some excuse is given for not producing the affidavit of plaintiff.

Appeal from special term, New York county.

Action by Alexander Gribbon against Michael Ganss and others. From an order vacating an attachment, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*F. A. Thomson*, (*J. J. Allen*, of counsel,) for appellant. *D. Leventritt*, for respondents.

PER CURIAM. We do not think that the objection that there is nothing in the affidavit of Gilmour showing that the affiant had personal knowledge of the facts set forth in his affidavit is well founded. He swears that he is the manager of the plaintiff's business, and that as such manager he has general charge of and supervision over all the affairs connected with the plaintiff's business. Being such manager, and having such charge of and supervision over the plaintiff's affairs, he may fairly be presumed to have personal knowledge of the matters set forth in his affidavit.

Another objection, however, is taken to the affidavit which we think is well founded, and will require an affirmance of the order appealed from. The Code[1] requires that the affidavit upon which the attachment is issued must show that the plaintiff is entitled to recover the sum stated therein over and above all counter-claims known to him. Gilmour swears that the plaintiff is justly entitled to recover from the defendants the sum of $394.85 over and above all counterclaims known to the plaintiff or to deponent; and that de-

[1] Code Civil Proc. § 636.

ponent is familiar with the plaintiff's business, and particularly with the transactions had with the defendant, and, if there were any counter-claims, he would know of the same. When an application for an attachment is made, the best evidence obtainable of the facts upon which the application is based must be presented to the judge. The best evidence in this case would have been the affidavit of the plaintiff himself as to counterclaims known to him. Instead of that, the affidavit of his manager was presented, and no excuse or reason is given why the affidavit of the plaintiff is not produced. It is not stated that the plaintiff resides or does business abroad, and, for aught that appears from the affidavit, he may have been present in the city of New York, and in company with the affiant, at the time the affidavit was made. The court is entitled to the best evidence in the first instance, or an explanation why it is not furnished. The order appealed from should be affirmed, with $10 costs and disbursements.